```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

SHANNON VILLEMARETTE AND                          CIVIL ACTION
JEFFREY VILLEMARETTE

          Plaintiffs,
                                                  NO: 13-5400
VERSUS


FEDERAL EMERGENCY                                 SECTION: R(5)
MANAGEMENT AGENCY, ET AL.

          Defendants.
```

**ORDER**

Before the Court is defendant, Secretary of the Department of Homeland Security, Jeh Charles Johnson's[1] motion for summary judgment, which seeks to dismiss plaintiffs' flood insurance claim. Because plaintiffs failed to file a proof of loss for the amounts at issue, defendants are entitled to summary judgment.

---

[1] Plaintiffs incorrectly named the Federal Emergency Management Agency, Craig Fugate, and the National Flood Insurance Program as defendants. The National Flood Insurance Act, 42 U.S.C. § 4072, provides that a party may sue the Director (now Administrator) of FEMA in his official capacity for unpaid proceeds under a flood insurance policy. Section 503 of the Homeland Security Act, 5 U.S.C. §§ 301, *et seq.*, transferred all liabilities of FEMA to the Secretary of the Department of Homeland Security. Thus, Jeh Charles Johnson, the Secretary of the Department of Homeland Security, is the proper defendant in this case. Fed. R. Civ. P. 25(d).

**I.   Background**

Plaintiffs Shannon and Jeffrey Villemarette insured their Lacombe, Louisiana home with a Standard Flood Insurance Policy issued by State Farm.[2] The policy has coverage limits of $250,000.00 for dwelling and $99,200.00 for personal property, both subject to a $1,000.00 deductible.[3]

On August 29, 2012, Hurricane Issac caused substantial damage to plaintiffs' home.[4] On September 4, 2012, plaintiffs filed a claim with defendants to recover for their loss.[5] Shortly thereafter, defendants sent an independent adjuster to review plaintiffs' claim.[6] The independent adjuster estimated the building and contents losses at $13,888.51.[7] Plaintiffs did not agree with this assessment and refused to sign a proof of loss.[8]

Ordinarily, plaintiffs would have had 60 days to file a proof of loss.  After Hurricane Isaac, however, the Acting Federal

---

[2] R. Doc. 1 at 2-3.

[3] R. Doc. 25-3 at 1.

[4] R. Doc. 1 at 1.

[5] R. Doc. 25-3 at 1.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 1-2.

2

Insurance Administrator extended the deadline to 240 days, giving plaintiffs until April 28, 2013 to file a proof of loss.[9] Despite receiving two letters detailing the policy requirements, plaintiffs failed to file a proof of loss before the April 28th deadline.[10] On June 11, 2013, defendants sent plaintiffs a letter denying their claim due to plaintiffs' failure to submit a timely proof of loss as required by their Standard Flood Insurance Policy.[11]

In late June, plaintiffs called defendants to inquire about re-opening their flood insurance claim.[12] On July 30, 2013, plaintiffs faxed a proof of loss to defendants claiming $13,888.51 in losses.[13] The cover letter accompanying the proof of loss stated: "[t]he estimate to fix my home came in at just under $30,000. I have signed the proof of loss WITH EXCEPTION that the remainder of the damage be covered."[14]

On October 4, 2013, the independent adjuster emailed FEMA detailing his original assessment and requesting a waiver of the

---

[9] *Id.* at 2.

[10] *Id.*

[11] *Id.* at 2-3.

[12] *Id.*

[13] R. Doc. 24-5 at 50.

[14] *Id.* at 51 (emphasis in original).

proof of loss deadline to permit payment of the $13,888.51 claim.[15] The independent adjuster's email did not mention the additional proceeds plaintiffs seek in this suit. The FEMA Claims Examiner responded as follows:

> Based on the information you submitted, your request for a waiver of the 60 day Proof of Loss policy provision is approved. This limited waiver is only for the amount of loss and scope of damages outlined in this request and otherwise does not waive the proof of loss or any other requirement of the Standard Flood Insurance Policy and makes no other comment because of lack of information.[16]

After approving the waiver, FEMA issued checks to plaintiffs for $13,888.51.[17]

Plaintiffs filed suit against defendants on August 12, 2013 seeking additional proceeds under their Standard Flood Insurance Policy. Plaintiffs also assert a state-law tort claim.

## II. Legal Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986);

---

[15] *Id.* at 99-100

[16] *Id.* at 99.

[17] *Id.* at 101-102.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(internal quotations omitted); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991)(internal quotations omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.; Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

**III. Analysis**

    **A.   Plaintiffs' Claim under the NFIP**

State Farm issued plaintiffs' flood policy as part of the National Flood Insurance Program (NFIP). Congress created the NFIP in 1968 to provide affordable flood insurance to flood prone areas. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). FEMA

operates the program and issues policies directly or through private insurers, such as State Farm, known as "Write Your Own" companies. *Id.* Whether FEMA or a "Write Your Own" company issues a policy, claims are paid directly from the federal treasury. *Id.*

Policies are issued in the form of a Standard Flood Insurance Policy (SFIP), and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. *Id.*; 44 C.F.R. §§ 61.4(b), 61.13(d). Since pay-outs implicate the federal treasury, provisions of the SFIP must be strictly enforced and construed. *Gowland*, 143 F.3d at 954; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386-87 (5th Cir. 2005).

"A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements." *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 Fed. Appx. 295, 298 (5th Cir. 2008) (*citing* 44 C.F.R. pt. 61, app. A(1) art. VII(R)). "In case of a flood loss to insured property, [the insured] must" satisfy several requirements before bringing a lawsuit. 44 C.F.R. pt. 61, app. A(1) art. VII(J). Foremost, the insured must provide a signed and sworn Proof of Loss (POL) within 60 days after the loss, "or within any extension authorized by FEMA." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). Accordingly, "an insured's failure to provide

a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might have been a valid claim." *Gowland*, 143 F.3d at 954. *See also Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (holding that the "filing of the proof-of-loss requirement is a condition precedent" to bringing an action for proceeds under a SFIP).

Here, plaintiffs do not dispute that they failed to file a POL by the April 28, 2013 deadline.[18]  Instead, plaintiffs argue that summary judgment is inappropriate because "there is a genuine issue of material fact as to whether Defendants waived the POL requirements for the amounts claimed by Plaintiffs in excess of the prior payments made."[19]  In other words, plaintiffs contend that FEMA's October 4, 2013 waiver effectively waived the POL requirement for the additional insurance proceeds claimed in this suit.

The express language of FEMA's waiver forecloses plaintiffs' argument:

> This *limited* waiver is only for the amount of loss and scope of damages outlined in this request and *otherwise*

---

[18] R. Doc. 29 at 2 ("While the proof of loss may have been submitted after the proscribed deadline, there is no dispute that one was ultimately sent to Defendants").

[19] *Id.* at 3.

8

> *does not waive the proof of loss or any other requirement of the Standard Flood Insurance Policy...*[20]

As mentioned above, plaintiffs admittedly failed to file a POL within the 240 day period, and FEMA's limited waiver does not excuse this failure. *Richardson,* 279 Fed. Appx. at 298-99 (affirming summary judgment where plaintiff failed to file a supplemental POL for benefits beyond those claimed in the original POL); *Davis v. Am. Sec. Ins. Co.*, CIV. A. No. 07-4158, 2008 WL 2278131, at * 4 (E.D. La. May 30, 2008)(granting summary judgment because a limited waiver does not waive the POL requirement for claims above the amount specified in the waiver).

Here, FEMA issued the limited waiver in response to the independent adjuster's October 4, 2013 request. This request asked for a waiver of the POL requirement for the adjuster's original assessment, $13,888.51, and made no mention of the additional sum plaintiffs seek in this suit. In granting this request, FEMA explicitly limited the POL waiver to the amount requested by the independent adjuster, and "otherwise [did] not waive the proof of loss" requirement.[21] Thus, there is no question of material fact; FEMA expressly limited the waiver to the amount paid, and

---

[20] R. Doc. 24-5 at 99 (*emphasis* added).

[21] R. Doc. 24-5 at 99.

9

plaintiffs did not file a timely POL for the additional amounts claimed in this suit. *Schubert v. Chertoff*, CIV. A . No. 07-5075, 2009 WL 2765289, at *4 (E.D. La. Aug. 26, 2009)(granting summary judgment where "it is clear from the two requests for waiver . . . and FEMA's approval of those requests for waiver that the applicable proofs of loss were limited to the specific amounts recommended for payment by the [independent adjuster], and did not include the [additional] amounts sought in this suit"); *Davis*, 2008 WL 2278131 at *4 ("However, the SFIP waiver . . . was limited only to the plaintiffs' supplemental claim for damages as outlined in the email"); *Davenport v. Fidelity Nat. Property and Cas. Ins. Co.*, 1:10-CV-695, 2012 WL 929610, at *7 (E.D. Tex. Feb. 27, 2012) *report and recommendation adopted,* 1:10-CV-695, 2012 WL 929576 (E.D. Tex. Mar. 19, 2012) ("The summary judgment evidence establishes that Fidelity obtained a *limited* waiver from FEMA as to the time requirement for the plaintiffs supplemental proof of loss and this waiver only applied to the specific amount . . . requested by that supplemental November 10, 2009, proof of loss").

Plaintiffs attempt to negate the plain language of the limited waiver by alleging that defendants did not appraise plaintiffs of the limited nature of the waiver.  Plaintiffs urge the Court to estop defendants from relying on the limited waiver because plaintiffs were not told "that an additional proof of loss would be

necessary in order to claim amounts over and above the amount for which Defendants executed the waiver of the proof of loss requirement."[22]

The Fifth Circuit has held that "the doctrine of equitable estoppel [is] inapplicable" in suits seeking to obviate SFIP requirements, including the POL requirement. *Wright*, 415 F.3d at 387; *see also Richardson*, 279 Fed. Appx. at 299 ("[T]he doctrine of equitable estoppel is unavailable in a claim by an insured against a WYO carrier asserting a POL defense")(internal citations omitted). Accordingly, this Court will not estop defendants from enforcing the plain language of the limited waiver.

Plaintiffs' second contention is that summary judgment is inappropriate because there is a "genuine issue of material fact as to whether Plaintiffs provided sufficient information and documentation to satisfy their burden on this claim for additional proceeds above the sworn proof of loss."[23]

This argument presupposes that FEMA waived the POL requirement for the additional proceeds plaintiffs now seek. As discussed above, FEMA limited its waiver to the amount specified in the October 4, 2013 request made by the independent adjuster, and

---

[22] R. Doc. 29 at 6.

[23] R. Doc. 29 at 3.

otherwise did not waive the POL requirement. Thus, the sufficiency of the information plaintiffs provided is simply not at issue. The timely submission of a POL is a "condition precedent" to filing suit, and plaintiffs failed to submit a POL before the April 28, 2013 deadline. *Marseilles*, 542 F.3d at 1059. Accordingly, the alleged sufficiency of plaintiffs' submissions is irrelevant and does not create a material question of fact to defeat summary judgment. *Id*. at 1057 ("[Plaintiff] contends that because it submitted information regarding its loss to Fidelity, there is a fact issue with respect to the adequacy of the proof of loss. To sustain this contention would be in direct contravention of our precedent"); *Richardson*, 279 Fed. Appx. at 299 ("[Plaintiff] also says that we should deem his submissions to [FEMA] to be legally sufficient for a sworn POL under theories of substantial compliance or repudiation. His theory of substantial compliance is contrary to binding precedent in this circuit").

**B.   Plaintiffs' State-Law Tort Claim**

Plaintiffs also allege a detrimental reliance state-law tort claim against defendants. Such claims are preempted by the National Flood Insurance Act. *Gallup v. Omaha Property and Casaulty Co.*, 434 F.3d 341, 345 (5th Cir. 2005) ("[S]tate law claims arising from claims handling by the WYO are preempted by the

National Flood Insurance Act"); *Berger v. Nat. Flood Ins. Program*, CIV. A. No. 12-2158, 2013 WL 499310, at *5 (E.D. La. Feb. 7, 2013) ("*Gallup* should logically extend to state law claims against FEMA arising out of FEMA's claim handling"). Plaintiffs agree to the dismissal of this claim.[24] Accordingly, Plaintiffs' state-law claim against defendants is dismissed with prejudice.

## IV. Conclusion

For the reasons stated above, defendants' motion for summary judgment is GRANTED, and plaintiffs' claims are dismissed WITH PREJUDICE.

New Orleans, Louisiana, this 15th day of August, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24] R. Doc. 29 at 1.

13